959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond McCORMICK, Petitioner-Appellant,
v.
Dewey SOWDERS, Respondent-Appellee.
 No. 91-6336.
 United States Court of Appeals, Sixth Circuit.
 March 30, 1992.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Kentucky prisoner appeals the district court's order denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial, Raymond McCormick was convicted on one count each of murder, first degree assault, fourth degree assault, and theft by unlawful taking. He was sentenced to consecutive terms totaling fifty-five years for the murder, assault first and theft convictions. He was ordered to serve a concurrent twelve month term for assault fourth. His convictions were affirmed by the Kentucky Supreme Court. McCormick v. Commonwealth, No. 87-SC-102-MR (Ky. Oct. 15, 1987) (unpublished).
 
 
 3
 The charges arose from a two-car accident which resulted in the death of a young child and injuries to his parents. McCormick and his brother abandoned the car in which they had been traveling, took a truck from a nearby farm, and fled the scene. In his application for a writ of habeas corpus, McCormick maintained that the evidence was insufficient to support the murder conviction and that the trial court erred by admitting prejudicial photographs and other evidence concerning the young victim. He claimed that he was denied due process by the ex post facto application of Kentucky's then new truth-in-sentencing law, Ky.Rev.Stat. § 532.055. Finally, he claimed that the truth-in-sentencing law was enacted in violation of the separation of powers provision of the Kentucky Constitution.
 
 
 4
 On appeal, McCormick reasserts that the evidence was insufficient to support a conviction for murder and that the ex post facto application of the truth-in-sentencing law was unconstitutional.
 
 
 5
 Upon review, we conclude that the petition was properly denied. McCormick's claim of insufficient evidence was properly dismissed. When viewed in a light favorable to the prosecution, the evidence was sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 324 (1979). His argument that the evidence did not establish his blood alcohol level is not subject to review because this claim was not first presented to the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 6
 McCormick's claim of an ex post facto violation also lacks merit. Where changes in the law are merely procedural, there is no ex post facto violation. Weaver v. Graham, 450 U.S. 24, 29 n. 12 (1981).
 
 
 7
 McCormick failed to show that he was denied a constitutional right or that his trial was fundamentally unfair. Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.